**C.O. LAW, APC**
Clark Ovruchesky, Esq. (SBN: 301844)
co@colawcalifornia.com
2404 Broadway, Suite 150
San Diego, CA 92102
Telephone: (619) 356-8960
Facsimile:  (619) 330-7610

**LAW OFFICE OF PETER G. MACALUSO**
Peter G. Macaluso, Esq. (SBN: 215730)
7230 S. Land Park Dr., Suite 127
Sacramento, CA 95831
Telephone: (916) 392-6591
Facsimile:  (916) 392-6950

*Attorneys for Plaintiff*,
Janita Lal

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANITA LAL,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HONDA FINANCE CORPORATION and EQUIFAX INFORMATION SERVICES LLC,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>1.) **THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, ET SEQ.; AND**<br><br>2.) **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785.1, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Plaintiff **JANITA LAL** ("Plaintiff"), through her attorneys, brings this lawsuit to challenge the actions of Defendants **AMERICAN HONDA FINANCE CORPORATION ("AHFC", "Furnisher-Defendant", or "Defendants"), and EQUIFAX INFORMATION SERVICES LLC ("EQUIFAX", the "Credit Bureau", or "Defendants"),** with regard to Defendants' reporting of erroneous negative and derogatory reports to Plaintiff's credit report, as that term is defined by 15 U.S.C. § 1681a(g); Defendants' willful and negligent failure to properly investigate the repeated disputes of Plaintiff concerning the inaccurate data Defendants are reporting in Plaintiff's file, and Defendants' failure to correct such, which Defendants knew or should have known was erroneous and which caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants occurred in California.

6. Any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of any Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendants named.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331; 15 U.S.C. § 1681p; 28 U.S.C. §1334; and, 28 U.S.C. § 1367 for supplemental state law claims.

9. This action arises out of Defendant' violations of (i) the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA"), and (ii) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785.1. et seq. ("CCRAA").

10. The Court has personal jurisdiction over Defendants as Defendants conduct business within the State of California and have purposefully availed themselves of the laws and markets of the State of California and this district.

11. Venue is proper in the United States District Court, Eastern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff reside in the County of Sacramento, State of California, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

**PARTIES**

12. Plaintiff is a natural person who resides in the City of Sacramento, County of Sacramento, in the State of California. In addition, Plaintiff is a "consumer" as that term is defined by: Cal. Civ. Code § 1785.3(b) and 15 U.S.C. § 1681a(c).

13. Defendant EQUIFAX is a corporation whose primary corporate address is in the City of Atlanta, in the State of Georgia, and is authorized to do business in the State of California.

14. Defendant AHFC is a corporation whose primary corporate address is in the City of Torrance, in the State of California, and is authorized to do business in the State of California.

15. Defendant AHFC ("Furnisher-Defendant") is a furnisher of information as contemplated by FCRA sections 1681s-2(a) & (b), which regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

16. Plaintiff is informed and believes, and thereon alleges, that Furnisher-Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and are therefore "debt collectors" as that term is defined by California Civil Code § 1788.2(c).

17. Defendant Equifax, along with Trans Union LLC ("TransUnion") and Experian Information Solutions, Inc. ("Experian") (collectively the "Credit Bureaus") are each a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f) and Cal. Civ. Code § 1785.3.

///
///
///
///

18. The causes of action herein also pertain to Plaintiff's "consumer [credit] report" as that term is defined by 15 U.S.C. § 1681a(d)(1) and Cal. Civ. Code § 1785.3(c), in that inaccurate credit information was furnished by Furnisher-Defendant to "consumer reporting agencies," as that term is defined by Cal. Civ. Code § 1785.3(d), regarding specific transactions and/or experiences pertaining to Plaintiff and Plaintiff's credit worthiness, credit standing, and credit capacity. Such credit information was used or was expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

## GENERAL ALLEGATIONS

19. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

20. Furthermore, Defendants conducted business within the State of California at all times relevant.

21. In respect to their FCRA investigations, Plaintiff alleges AHFC, rather than train its employees how to properly review and investigate disputes, are generally expected to simply confirm whatever information being reported is accurate, rather than conducting an actual reasonable investigation.

22. Similarly, Plaintiff alleges Equifax's employees have a policy of simply parroting whatever information is provided by furnishers rather than conducting reasonable reinvestigations under the FCRA and CCRAA.

23. This is because the (re)investigations conducted by these Defendants occur in a hurried, conveyor-belt styled atmosphere in which dispute operators are under pressure to process disputes quickly to meet production quotas. This atmosphere is conducive to a speed-minded dispute operator failing to consider, or not looking for, information that is relevant to the consumer's dispute.

24. Such conduct by Defendants is willful and reckless.

25. Furthermore, Equifax's policies and procedures for maintaining and operating their internal databases were not reasonable, because they continued reporting patently inaccurate and materially misleading information after Plaintiff formally disputed the reporting. Accordingly, Equifax failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and violated 15 U.S.C. § 1681e(b) and Cal. Civ. Code §1785.14(b).

26. As a direct and proximate result of the derogatory information furnished and reported by Defendants, Plaintiff has sustained actual damages including emotional distress, having her privacy invaded, humiliation, embarrassment, anxiety, loss of sleep, defamation of character, pain and suffering, was impeded in seeking necessary products and services from vendors, damages to her credit rating, and damages to her creditworthiness, which makes Plaintiff unable and therefore averse to apply for credit because her credit score remains low.

27. As a further direct and proximate result of Defendants' acts stated herein, Plaintiff has spent many hours and associated costs reviewing credit reports, disputing the incorrect information furnished by Defendants via certified mail, and incurred attorneys' fees and such further expenses in an amount to be determined at trial.

**AMERICAN HONDA FINANCE CORPORATION ("AHFC")**
**INACCURATE AND MATERIALLY MISLEADING CREDIT INFORMATION**
**RE: ACCOUNT NO.: 10227* (THE "ACCOUNT")**

28. In a TransUnion Credit Report dated March 14, 2019, AHFC reported the following inaccurate, misleading, and derogatory information for the above-referenced Account for Plaintiff:

    - Pay Status: Repossession
    - Balance Amount: $7,289
    - Past Due: $860
    - Date Closed: 02/19/2013

29. In an Equifax Credit Report dated June 18, 2019, AHFC reported the following inaccurate, misleading, and derogatory information for the above-referenced Account for Plaintiff:
    - Status: 30 – 59 Days Past Due
    - Scheduled Payment Amount: $452

30. However, the Account was closed/paid on or about April 2014 with a zero ($0) balance; therefore, the date of account closure reported to TransUnion of 02/19/2013 was inaccurate.

31. Accordingly, it was inaccurate and materially misleading for AHFC to report the above balances owing and "Scheduled Payment Amount" because Plaintiff no longer had a scheduled payment due on the Account following the satisfaction and closure of the Account.

32. The "Balance," "Past Due," "Scheduled Payment" amounts reported by AHFC and Equifax, as opposed to the correct scheduled payment amount of $0 following Plaintiff's satisfaction of the Account, inaccurately and misleadingly suggested that Plaintiff still has an ongoing agreement to pay on the Account to AHFC, which is not true.

33. Rather than using AHFC's internal account information for Plaintiff's Account, which reflected or should have reflected that the Account was closed/paid, AHFC continued to report that Plaintiff had an ongoing payment obligation/plan with AHFC. Therefore, AHFC's reporting was patently inaccurate and materially misleading.

34. The status reported by NATIONSTAR and the Credit Bureaus of "past due" and "repossessed" as opposed to the correct status of "current," "paid" or the equivalent following Plaintiff's full satisfaction of the Account, inaccurately and misleadingly suggested that Plaintiff was presently past due on the Account, which is not true.

35. AHFC's credit reporting information is relevant to Plaintiff's credit score, and AHFC inaccurate reporting is materially misleading and therefore adversely affects Plaintiff's creditworthiness.

36. Despite receiving a full payoff of the vehicle associated with the Account, AHFC furnished information that it knew or should have known to be incomplete or inaccurate in such a way that would be materially misleading and thereby adversely affect credit decisions.

37. Therefore, AHFC inaccurate, materially misleading, and negative reporting of the Debt in light of their knowledge of the status of the Account was willful.

38. Through this conduct, AHFC has violated Cal. Civ. Code § 1785.25(a) by furnishing information to Equifax and TransUnion, i.e. consumer reporting agencies, that AHFC knew or should known was inaccurate and materially misleading.

39. On or about September 2019, Plaintiff disputed AHFC's reported information regarding the Account pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Equifax, in writing, of the incorrect and inaccurate credit information furnished by AHFC.

40. Specifically, Plaintiff sent a letter, via certified mail, to Equifax (the "Dispute Letter"), requesting the above information be corrected because Plaintiff paid off the Account in 2014 and received a Certificate of Title for the vehicle associated with the Account. Accordingly, the letter instructed Defendants to report the status of the Account as "Paid. Closed." or the equivalent.

41. The Dispute Letter further requested that Defendants:
    - Immediately delete the disputed derogatory information from my credit report and update my credit report accordingly.
    - If you do not immediately correct the disputed information on my credit report, please include the "Consumer Dispute" section above as my dispute statement for this account on my credit report.

42. Upon information and belief, Equifax timely notified AHFC of Plaintiff's dispute, but they both verified and continued reporting inaccurate, derogatory information.

43. AHFC was required to conduct a reasonable investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.SC. § 1681s-2(b)(1)(A).

44. Equifax was required to conduct a reasonable reinvestigation of Plaintiff's dispute pursuant to 15 U.S.C. §1681i and Cal. Civ. Code §1785.16.

45. On or about October 2019, Plaintiff received notification from Equifax that AHFC and Equifax received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6) and were providing the results of the reinvestigation.

46. Defendants failed to properly update the Account to reflect that the status of the Account was "Paid. Closed." and in good standing following the satisfaction of the Account. Instead, Defendants simply left derogatory information on Plaintiff's reports.

47. Specifically, AHFC and Equifax reported the following inaccurate and derogatory information on Plaintiff's credit in respect to the Account:
    - Status: 30 – 59 Days Past Due

48. Defendants' inaccurate reporting of a "past due" status caused the Account to automatically be placed in the "negative" or "adverse" section of Plaintiff's credit report with Equifax, which negatively impacted Plaintiff's creditworthiness.

49. Equifax did not provide notice to Plaintiff that his dispute was "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3) or included Plaintiff's "Statement of Dispute" pursuant to 15 U.S.C. § 1681i(b).

///

///

///

50. Moreover, upon information and belief, Equifax's reinvestigation was not reasonable. More specifically, the Equifax should have discovered from its records, including the Dispute Letters, that the information AHFC was reporting was inaccurate and materially misleading. Equifax could have easily requested AHFC to provide Plaintiff's payment records, which would have reflected Plaintiff paid off the Account in full. Equifax could have also reviewed the Certificate of Title Plaintiff included in his dispute, which indicated the Account was paid off. Moreover, Experian accurately reported the Account status to show it was "Paid, Closed."

51. Such conduct by Equifax was willful and reckless.

52. Accordingly, Equifax failed to conduct a reasonable reinvestigation of Plaintiff's dispute, as required by 15 U.S.C. §1681i and Cal. Civ. Code §1785.16.

53. Further, Equifax failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and violated 15 U.S.C. § 1681e(b) and Cal. Civ. Code §1785.14(b).

54. Upon information and belief, AHFC's investigation was also not reasonable. More specifically, AHFC should have discovered from its records, including Plaintiff's Dispute Letter, that the information AHFC was reporting was inaccurate and materially misleading. Specifically, AHFC could have simply reviewed Plaintiff's Account with them and recognized that the correct status of Plaintiff's Account was "Paid. Closed" because Plaintiff paid off the Account. Instead, AHFC doubled-down on their inaccurate reporting to the Credit Bureaus.

55. Accordingly, AHFC failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b) by:
   1) Failing to remove all of the disputed and incorrect information;
   2) Failing to update Plaintiff's Account (status); and

C.O. LAW, APC
2404 BROADWAY, SUITE 150
SAN DIEGO, CA 92102

3) Failing to notate, as required, Plaintiff's dispute.

56. Through this conduct, AHFC has violated Cal. Civ. Code § 1785.25(a) by furnishing information to Equifax, i.e. a consumer reporting agency, that AHFC knew or should known was inaccurate and materially misleading.

57. AHFC and Equifax failed to review all relevant information provided by Plaintiff in the dispute to Equifax as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

58. Due to AHFC and Equifax's failure to reasonably (re)investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

59. Plaintiff's continued efforts to correct AHFC and Equifax's erroneous and negative reporting of the Debt by communicating Plaintiff's disputes with AHFC and Equifax were fruitless.

60. AHFC and Equifax's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

61. AHFC and Equifax's failure to correct the previously disclosed inaccuracies on Plaintiff's credit report was intentional and in reckless disregard of its duty to refrain from reporting inaccurate information. Accordingly, AHFC and Equifax willfully and negligently failed to comply with its duty to reasonably investigate Plaintiff's dispute.

62. AHFC and Equifax's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

63. By inaccurately reporting account information relating to the Account after notice and confirmation of its errors, AHFC and Equifax failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E)

## SHELL/CBNA ("SHELL")
### INACCURATE AND MATERIALLY MISLEADING CREDIT INFORMATION
### RE: ACCOUNT NO.: 18511* (THE "ACCOUNT")

64. In an Equifax Credit Report dated March 14, 2019, SHELL reported the following inaccurate, misleading, and derogatory information for the above-referenced Accounts:

    - Scheduled Payment Amount: $55

65. However, the Account was paid/closed on or about April 2010 with a zero ($0) balance.

66. Accordingly, it was inaccurate and materially misleading for SHELL to report the above "Scheduled Payment" amount of $55 because Plaintiff no longer had a scheduled payment due on the Account following the satisfaction of the Account.

67. The "Scheduled Payment" amount reported by SHELL and Equifax, as opposed to the correct scheduled payment amount of $0 following Plaintiff's satisfaction of the Account, inaccurately and misleadingly suggested that Plaintiff still has an ongoing agreement to pay on the Account to SHELL, which is not true.

68. SHELL and Equifax's credit reporting information is relevant to Plaintiff's credit score, and their inaccurate reporting is materially misleading and therefore adversely affects Plaintiff's creditworthiness.

69. On or about September 2019, Plaintiff disputed SHELL's reported information regarding the Account pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Equifax, in writing, of the incorrect and inaccurate credit information furnished by SHELL.

///
///
///
///

70. Specifically, Plaintiff sent a letter, via certified mail, to Equifax (the "Dispute Letter"), with the following language:

| Consumer Dispute: | • This tradeline lists a Scheduled Payment amount of $55 which is inaccurate and incorrect as there is no scheduled payment amount due. |
|---|---|
| Action/Correction Requested: | • Immediately delete the disputed derogatory information from my credit report and update my credit report accordingly.<br>• If you do not immediately correct the disputed information on my credit report, please include the "Consumer Dispute" section above as my dispute statement for this account on my credit report. |

71. Equifax was required to conduct a reasonable reinvestigation of Plaintiff's dispute pursuant to 15 U.S.C. §1681i and Cal. Civ. Code §1785.16.

72. On or about October 2019, Plaintiff received an updated copy of his credit report from Equifax following their reinvestigation.

73. Equifax responded to Plaintiff's dispute by deleting the *entire* SHELL tradeline from Plaintiff's credit report, which did not assure the maximum possible accuracy of information relating to Plaintiff because it failed to convey the positive credit history Plaintiff established with SHELL prior to her dispute with Equifax.

74. Accordingly, Equifax failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and violated 15 U.S.C. § 1681e(b) and Cal. Civ. Code §1785.14(b).

///
///
///
///
///

## CAUSES OF ACTION

### COUNT I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. §§ 1681 ET SEQ.

### [AGAINST ALL DEFENDANTS]

75. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

76. The foregoing acts and omissions constitute numerous and multiple willful, reckless, or negligent violations of the FCRA, including, but not limited to, each and every one of the above-cited provisions of the FCRA, 15 U.S.C. § 1681.

77. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from Defendants.

78. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

### COUNT II

### VIOLATION OF CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

### CAL. CIV. CODE § 1785.1 ET SEQ.

### [AGAINST ALL DEFENDANTS]

79. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

80. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

81. In the regular course of its business operations, Defendants routinely furnish information to credit reporting agencies pertaining to transactions between Defendants and Defendants' consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

82. Because Furnisher-Defendant is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Furnisher-Defendant is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if they knew or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a). Thus, Furnisher-Defendant violated Cal. Civ. Code § 1785.25(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants:

- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendants for each incident of willful noncompliance of the FCRA;
- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against Defendants for each incident of willful noncompliance to the FCRA;
- An award for costs and reasonable attorney's fess, pursuant to 15 U.S.C. § 1681n(a)(3), against Defendants for each incident of negligent noncompliance of the FCRA;
- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA;

///

///

- An award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against Defendants for each incident of noncompliance of the FCRA;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against Defendants;
- Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against Defendants;
- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B) against Defendants;
- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b) against Defendants;
- Any and all other relief the Court deems just and proper.

Dated: December 10, 2019                    Respectfully submitted,

                                            **C.O. LAW, APC**

                                            By: /s/ Clark Ovruchesky
                                                CLARK OVRUCHESKY, ESQ.
                                                ATTORNEY FOR PLAINTIFF

**TRIAL BY JURY**

83. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: December 10, 2019                    Respectfully submitted,

                                            **C.O. LAW, APC**

                                            By: /s/ Clark Ovruchesky
                                                CLARK OVRUCHESKY, ESQ.
                                                ATTORNEY FOR PLAINTIFF